UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JUSTIN SAMUELS,

                              Plaintiff,

                   -against-

NEW YORK CITY,

                              Defendant.

23-cv-10045 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Justin Samuels, proceeding pro se, sues New York City, alleging that the City's Women's Film Fund discriminates against men. Compl., Dkt. 1 at 1. Samuels says that he is "a gay Black male screenwriter and filmmaker born in New York" and has been "excluded from this program based on [his] gender and sexual orientation." *Id.* He says that the Women's Film Fund "provides grants exclusively to women and male-to-female transgender artists" and that it shows "preferences towards women and transgender individuals." *Id.* He seeks "damages for the discrimination" he has faced due to his exclusion from the fund, as well as an injunction ordering the city to cease all discrimination against men and to change the program's name. *Id.* at 2. The City now moves to dismiss for lack of standing. The motion is granted.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(1), a complaint must "allege[ ] facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (cleaned up). The Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," although "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Buday v. New York Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012) (citations omitted). "Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2016) (applying same standard on Rule 12(b)(1) motion).

## DISCUSSION

"Federal courts do not exercise general legal oversight[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Instead, Article III of the U.S. Constitution "confines the federal judicial

power to the resolution of 'Cases' and 'Controversies.'" *Id.* "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* (internal quotation marks omitted). To have standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.*

"Ordinarily, to establish standing to challenge an allegedly discriminatory program, a plaintiff must apply to that program." *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 113 (2d Cir. 2024); *see also Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166–67 (1972) (explaining that plaintiff did not suffer injury sufficient to confer standing to challenge club's discriminatory membership requirements because he had never applied). But when doing so "would be a futile gesture," plaintiffs can instead allege "that they are able and ready to apply, but a discriminatory policy prevents them from doing so on equal footing." *Do No Harm*, 96 F.4th at 113 (internal quotation marks omitted); *see also Carney v. Adams*, 592 U.S. 53, 60 (2020) (plaintiff lacked standing to challenge Delaware's requirement that judicial appointments reflect a partisan balance because he did not "show that he is likely to apply to become a judge in the reasonably foreseeable future if Delaware did not bar him because of political affiliation").

Samuels's bare-bones complaint fails to allege either. It does not allege that Samuels applied for a grant from the Women's Film Fund. Nor does it allege that (1) doing so would be futile and (2) Samuels is ready and able to apply. The complaint does not say, for example, what the requirements are for getting a grant and whether Samuels meets them at the present time. *See Dowdy v. New York City Dep't of Sanitation*, 2023 WL 6258536, at *6 (S.D.N.Y. Sept. 26, 2023) (explaining that to have standing to challenge alleged racial discrimination in hiring, plaintiffs must "allege that they meet the qualifications to become Sanitation Police Officers but for the alleged artificial barriers to entry").

In his opposition brief, Samuels cites several cases showing that courts have allowed plaintiffs to challenge discrimination in government and other programs. But in those cases, plaintiffs showed or plausibly alleged that they either had applied or were ready and able to apply for the program. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 201 (2023) (organization had standing to sue because four members were denied admission to university accused of discrimination); *Nuziard v. Minority Bus. Dev. Agency*, 2024 WL 965299, at *7–12 (N.D. Tex. Mar. 5, 2024) (plaintiffs who otherwise met requirements to receive benefits from agency could sue for discrimination because they were "ready and able to apply"); *Ultima Servs. Corp. v. U.S. Dep't of Agric.*, 683 F. Supp. 3d 745, 759 (E.D. Tenn. 2023) (plaintiff could challenge allegedly discriminatory contract program where it "currently is eligible to bid" on the relevant contracts); *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, 2023 WL 6295121, at *1 (N.D. Ga. Sept. 27, 2023), *rev'd on other grounds*, 103 F.4th 765 (11th Cir. 2024) (organization had standing to sue where it listed members and "describe[d] them as small business owners ready to apply for the Contest but for their ineligibility due to their race"). Samuels's complaint lacks similar allegations and must therefore be dismissed.

However, Samuels can amend his complaint to properly allege his standing to sue if he can do so truthfully. As detailed above, Samuels has two options for plausibly alleging that he has standing. First, he can allege that he applied for a grant from the Women's Film Fund in the past. Second, Samuels can allege that (1) applying would be futile, and (2) he is ready and able to apply. He should include any facts he can that would show applying would be futile, such as facts about how the program is advertised, what its requirements are, and who has received grants in the past. *See, e.g.*, *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365 (1977) (explaining that futility can be shown by employer's "consistent discriminatory treatment of actual applicants, by the manner in which he publicizes vacancies, his recruitment techniques, his responses to casual or tentative inquiries, and even by the racial or ethnic composition of that part of his work force from which he has discriminatorily excluded members of minority groups"). He should also allege facts demonstrating that he is ready and able to apply for a grant—for example, facts showing that he satisfies the rest of the grant program's requirements. Samuels is reminded that a "some day intention[]" to apply to the grant program is insufficient. *Carney*, 592 U.S. at 64 (citation omitted).

If New York City residency is required to apply for a grant, as Defendant says, Samuels will not be able to allege standing if he does not currently reside in New York or have concrete plans to move their imminently, as he would not qualify as "able and ready to apply in the imminent future." *Id.* at 66 (internal quotation marks omitted); *see also Fac. v. New York Univ.*, 11 F.4th 68, 77 (2d Cir. 2021) (finding plaintiffs lacked standing to challenge law review's use of race and sex in its selection process because there was no "description of concrete plans to apply for employment, submit an article, or of having submitted an article, that will or has been accepted for publication" (internal quotation marks omitted)).

If Samuels chooses to amend, he must do so by August 26, 2024.

The Clerk of Court is directed to terminate the motion at Dkt. 15.

SO ORDERED.

Dated: August 9, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge